## PHILIPS and another VS. SLEUSHER.

EXECUTORS — LEGATEE. — The executors of the last will and testament of the deceased are entitled to the possession and control of property specifically devised or bequeathed by him, as against the devisee or legatee, until the estate is settled and an order made for its delivery to such devisee or legatee; although the devise or bequest was made to take effect upon the execution of a release which has been executed and delivered. *Edwards v. Evans*, 16 Wis., 181.

(4 Chand., 155.)

ERROR to the County Court for *Milwaukee* County.

Replevin in the *detinet*, brought by *Caroline Sleusher* against *Philips & Williams*, who pleaded the general issue with notice that they would prove that they were executors of the last will and testament of one Graham, deceased, duly qualified as such before the commencement of the suit; that the will had been admitted to probate, and letters testamentary granted to them, and that the goods and chattels in question were a part of the estate of said Graham, and were in their hands as such executors, and that they had a right to the possession thereof.

It appeared at the trial that Graham devised the property in question to the plaintiff on condition that she released a claim she had against him ; that she had executed and delivered the release ; that divers other bequests were made to other persons by said Graham ; that commissioners to hear and allow claims on said estate had been appointed, and that they had not reported, nor had the time limited for that purpose elapsed; that the estate was as yet unadministered, and no order for distribution of it had been made.

The county court gave judgment for the plaintiff, and the defendants prosecuted this writ of error.

*J. Downer* and *L. Wyman* for plaintiffs in error claimed that both at common law and by statute, the executors had a right to the possession and control of the property until the estate should be settled or the property be decreed or ordered by the

probate court to be delivered over to the legatees. R. S., ch. 69, secs. 1, 2, 7, 34, and 35; 10 Pick., 463; *Lewis v. Smith*, 12 Mass., 309; *Goodwin v. Jones*, 3 id., 514.

*M. H. & H. S. Orton*, for defendant in error, argued that she as special legatee was entitled to the possession of the property, and cited R. S., ch. 69, secs. 34 and 35; 2 Jarm. on Wills, 405; Lomax on Ex'rs, 96; 12 Wend., 349; *Marvin v. Stone*, 2 Cow., 788; *Hays v. Mico*, 1 Bro. Ch., 118; *Williams v. Cary*, 8 Cow., 246; *Rogers. v. Rogers*, 1 Paige, 106.

WHITON, C. J. The property which is the subject of controversy in this action, having been devised to the plaintiff below, it is contended that she is entitled to the possession of it, at least until it shall be ascertained that it will be necessary to resort to it for the purpose of raising money to pay the debts of the deceased. But our statute is conclusive in favor of the contrary doctrine. R. S., ch. 69, secs. 1, 2, 6 and 7. It appears to us that the claim set up by the plaintiff below is entirely inconsistent with the rights and duties of the executors. They were required by law to make and return into the probate court a true inventory of the real estate, and of all the goods, chattels, rights and credits of the deceased which should come to their possession or knowledge; and they were obliged to apply, in the first place, the goods and chattels, rights and credits to the payment of the debts, and the expenses of administration, and if they were not sufficient, then to sell the real estate for that purpose; and the seventh section of chapter sixty-nine, above referred to, expressly gives them the right to the possession of the property. We do not see, therefore, what right the plaintiff below can have to interfere with the possession of the defendants. The devise of the property to her could not free it from liability to be sold for the payment of the debts of the deceased, nor in the least affect the rights of the executors to the possession.

But it is said that the devise to the plaintiff below was con-

Philips and another vs. Sleusher.

ditional, and that, complying with the condition, she acquired the right to take possession of the property and retain it until it was ascertained that the other personal estate was insufficient to pay the debts. It appears that the devise to the plaintiff was upon this condition, viz : " Further the gifts and devise by this my will to *Caroline Sleusher* and bequest is, upon the condition that if she shall furnish to my executors a relinquishment of all claims or demands against my estate for borrowed money, she shall receive the benefit of the aforesaid devise and bequest, otherwise to be null and void so far as regards her." It appears further that she did comply with the condition annexed to the devise, by relinquishing to the executors all claim upon the estate for borrowed money. We do not see how this can effect the question involved in this suit.

We are not determining whether it would be the duty of the executors to sell the other personal property to pay the debts of the deceased, before resorting to this, nor what would be the effect of the relinquishment of the claim for borrowed money, in case the property devised to the plaintiff should be taken to pay the debts. The simple question is, who is entitled to the possession of the property pending the settlement of the estate? And this section of the revised statutes settles this beyond controversy.

There can be no doubt that upon the facts stated in the bill of exceptions, the executors were authorized and required to take possession of the property, and that the plaintiff cannot maintain this action. The judgment of the county court must therefore be reversed.